## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Case No.   3:25-CR-30064-SMY-1 |
| | ) |
| TERRANCE D. WILLIAMS, JR., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM & ORDER

**DALY, Magistrate Judge:**

### INTRODUCTION AND BACKGROUND

This matter comes before the Court on Defendant's Motion to Reconsider Order of Detention (Doc. 48). On May 7, 2025, Defendant Terrance D. Williams, Jr. was arraigned on one count of possession of a firearm by a felon and one count of transportation of a stolen vehicle. (Docs. 1, 13).

Williams appeared before Magistrate Judge Mark A. Beatty for a detention hearing, and an Order of Detention was entered on May 16, 2025. (Docs. 19 & 20). Judge Beatty found the Government had proven "by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community." (Doc. 20). The Court based its decision on its findings that: the weight of the evidence is strong, Williams' prior criminal history, his history of violence or use of weapons, prior violations of probation, parole or supervised release, prior participation in criminal activity while on probation, parole or supervised release, and that Defendant's release would pose a serious danger to any person or the community. (Doc. 20, p. 3). Additionally, the Court stated:

> The Court also notes the nature and circumstances of the offense charged, as outlined by the Government's proffer, are concerning. The Court does note that the Defendant has a home plan and a history of employment. However, in addition to the factors checked above, the Defendant's criminal history, his history while under court supervision, and the nature and circumstances of the offense convince the Court that there is no combination of conditions it can impose to reasonably assure the safety of the community.

*Id.*

On June 23, 2025, Williams moved to dismiss Count One of the Indictment charging possession of a firearm by a felon under *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 142 S. Ct. 2111, 213 L. Ed. 2d 387 (2022) (2022) ("*Bruen*"). (Doc. 23). On October 21, 2025, the Honorable Staci M. Yandle entered an Order dismissing Count One. (Doc. 38). Subsequently, the Government filed a Notice of Appeal. The Appeal is stayed in the Seventh Circuit pending the Appellate Court's decision in *United States v. Prince*, No. 23-3155. (Appellate Docs. 2, 3).

On February 25, 2026, Williams moved for a reconsideration of the detention order based on this new information. Judge Beatty subsequently recused himself from this case for unrelated reasons. (Doc. 50). In his motion, Williams first argues that the dismissal of the gun charge eliminates the basis for a detention hearing under 18 U.S.C. § 3142(f)(1)(E). Alternatively, Williams argues that reconsideration is warranted based on new information. Specifically, Williams contends that the *Prince* decision was argued on December 11, 2024, and is still pending in the Seventh Circuit. Williams cannot proceed with Count Two of the Indictment until the appeal is resolved and the case is remanded back to the district court. Further, Williams has a new release address at his sister's residence, who has confirmed that Williams can reside with her. Defense counsel has also confirmed that Williams will have employment with Alpha and Omega Demolition, as well as another job opportunity at the St. Peter and Paul Emergency Shelter in St.

Louis, Missouri. Finally, Williams has been in federal custody at St. Clair County Jail in Belleville, Illinois, since May 7, 2025, and was also ordered detained in St. Clair County, Illinois, in a related state case no. 25-CF-341 on February 25, 2025. Williams represents that St. Clair County Public Defender confirmed that the state court may reconsider bond if Williams receives bond in federal court. The Government did not file a written response to the motion.

On March 30, 2026, the Court held a hearing on Defendant's Motion. (Doc. 54). Consistent with the motion, Defendant argued that reconsideration was warranted due to the procedural posture of the case. He further reiterated that the dismissal of the gun charge eliminates the basis for a detention hearing under 18 U.S.C. § 3142(f)(1)(E). The Government countered that a detention hearing was still available under § 3142(f)(1)(E) because, during his arrest, the officers observed two firearms loaded with ammunition, in plain view, on the floorboard of the stolen vehicle. Specifically, as previously proffered, those firearms were an AM-15 rifle pistol that was loaded with 23 rounds of .223 caliber ammunition and a 9mm firearm that was loaded with an extended magazine containing 16 rounds of 9mm ammunition. (Doc. 20).

As to the merits of the detention issue, the Government argued that Defendant remains a danger and that reconsideration of his state bond was questionable. The Government also noted that there was an active warrant for Williams in Missouri. At the same time, the Government acknowledged that Williams was in a limbo state pending the appeal in *Prince*. Based on these considerations, the Government represented that, if the Court were inclined to release Defendant on bond, home incarceration would be the most appropriate condition available.

The Court took the matter under advisement. Based on the evidence presented at the hearing and for the reasons set forth below, Defendant's Motion for Reconsideration of Detention Hearing (Doc. 48) is **GRANTED IN PART AND DENIED IN PART**.

Page **3** of **11**

**DISCUSSION**

### A. Preliminary Matters

**Reopening of the Detention Issue**

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.* ("Bail Reform Act"), provides that the Court "shall treat a defendant in a case in which an appeal has been taken" under § 3731 against an order of a district court dismissing an indictment, "in accordance with section 3142 of this title, unless the defendant is otherwise subject to a release or detention order." 18 U.S.C. § 3143(c). Section 3142(f) provides that detention hearing "may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community[.]" § 3142(f). Here, the Court finds that reconsideration of the detention order is warranted under § 3143(c) and § 3142(f). The Government has appealed the Order dismissing Count One of the Indictment for felon in possession of a firearm, and Defendant, who is subject to a detention order, has presented information, including the dismissal of one of the charges, that may have a material bearing on the detention issue.

**Detention Eligibility under the Bail Reform Act**

Under the Bail Reform Act, initial pretrial detention is only available in the following two instances: (1) in cases involving allegations of particularly dangerous criminal activity such as crimes of violence, outlined in § 3142(f)(1); and (2) in cases involving specific risks relating to a defendant, including a risk of flight, obstruction of justice or threat to a witness, as outlined in § 3142(f)(2). § 3142(f)(1) & (2). If one of those prongs is satisfied, the "judicial officer shall hold a

hearing to determine whether any condition or combination of conditions set forth in subsection

(c) of this section will reasonably assure the appearance of such person as required and the safety

of any other person and the community." § 3142(f).

Here, Judge Beatty proceeded on the detention hearing pursuant to § 3142(f)(1)(E),

because Defendant was charged with "any felony that is not otherwise a crime of violence that

involves (a) a minor victim; (b) the possession of a firearm or destructive device (as defined in 18

U.S.C. § 921); (c)any other dangerous weapon; or (d) a failure to register under 18 U.S.C. § 2250."

(Doc. 20, p. 1). Defendant now argues that the dismissal of the gun charge eliminates the basis for

a detention hearing. The Government counters, however, that a detention hearing under §

3142(f)(1)(E) is still available, despite the dismissal of the gun charge, because the presence of the

loaded firearms, in plain view, on the floorboard of the stolen vehicle, renders the remaining

offense of transportation of a stolen vehicle one that involves the possession of a firearm. The

Court agrees with the Government.

The Seventh Circuit has not yet construed the phrase "felony that is not otherwise a crime

of violence but involves . . . the possession of a firearm" in § 3142(f)(1)(E). However, district

courts have adopted a broad reading of that phrase, agreeing that the judicial officer may consider

the surrounding circumstances of the offense, including uncharged conduct. *See, e.g.*, *United

States v. McAnally*, No. 24-CR-00324-JFH, 2025 WL 53343, at *3 (N.D. Okla. Jan. 8, 2025) ("it

is reasonable to read the language 'involves a minor victim' and, by extension, the language

'involves the possession or use of a . . . dangerous weapon' as looking to the underlying facts of

the crime charged and not the elements of the offense"); *United States v. Syed*, 634 F. Supp. 3d

1036, 1043 (D.N.M. 2022) (holding that when determining whether the defendant's felony charge

involves the possession of a firearm, the Court may "look beyond the elements of the charged

offense to consider the actual conduct underlying the arrestee's charged offense.'").

Further, in *United States v. Watkins*, 940 F.3d 152, 165–67 (2d Cir. 2019), the Second Circuit, addressing the issue before the Court, reached the same conclusion. There, the Second Circuit examined the Adam Walsh Act's amendment to another part of § 3142 that used similar language—the requirement for electronic monitoring "[i]n any case that involves a minor victim" under certain enumerated statutes, 18 U.S.C. § 3142(c)(1)(B). 940 F.3d at 166–167. The court noted that the enumerated statutes include offenses that categorically involve minor victims, such as § 2251 (sexual exploitation of children), and offenses that do not, such as § 1201 (kidnapping). *Id.* Accordingly, the Second Circuit explained that "Congress must have intended for judicial officers to look beyond the elements of the charged offense to determine whether any minors were "involved" in the particular offense committed" and concluded that the phrase "that involves" in § 3142(f)(1)(E) "warrants a conduct-specific inquiry in which the judicial officer may look beyond the elements of the charged offense to consider the actual conduct underlying the arrestee's charged offense." *Id.* at 167.

The Court agrees with the Second Circuit that the phrase "that involves" in § 3142(f)(1)(E) "warrants a conduct-specific inquiry in which the judicial officer may look beyond the elements of the charged offense to consider the actual conduct underlying the arrestee's charged offense." *Id.* at 167.

Looking at the facts of this specific case, Defendant is still charged with a felony that is not otherwise a crime of violence, namely, the transportation of a stolen vehicle. While possession of a firearm is not an element of that offense, the execution of the offense in this specific case involved the possession of firearms. Specifically, based on the facts proffered to Judge Beatty and repeated during this hearing, Defendant was arrested during an LPR ("License Plate Reader") hit

on a stolen vehicle that was moving from Missouri into Illinois across the Stan Musial bridge. An Illinois State Trooper located the vehicle in the parking lot of the Casino Queen in East St. Louis, and after an investigation, the defendant was detained and arrested. In plain view on the floorboard of the vehicle were the two loaded firearms. Judge Beatty found that the weight of the evidence against Defendant was strong. Based on this information, the presence of the loaded firearms was not incidental to the commission of the offense, but rather facilitated its commission. Based on this information, the Court concludes that Defendant has been charged with a felony that involves the possession of a firearm. Thus, this case remains eligible for a detention hearing under § 3142(f)(1)(E).

**B. Detention Issue -Weighing of 18 U.S.C. § 3142(g) Factors**

Under Section 3142(g) of the Act, the Court must consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community:

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence; a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including –

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Here, Williams argues reconsideration is required on three grounds: (1) that the trial on Count Two of the Indictment cannot proceed until the Government's appeal on the dismissal of Count One is resolved, and the case is remanded back to the district court; (2) his new home plan; and (3) his new employment opportunity. The Court will first address the home plan and employment opportunity and then turn to the pendency of the appeal.

**Home Plan and New Employment Opportunity**

Defendant argues that his new home plan and new employment options warrant reweighing of the 3142(g) factors. The Court disagrees. Defendant already had a home plan and a history of employment at the original detention hearing, when Judge Beatty concluded that no combination of conditions could assure the community's safety. Defendant's new release address and additional opportunity of employment do not outweigh Defendant's criminal history, his history while under court supervision, and the nature and circumstances of the offense, on which Judge Beatty relied to order his detention.

**Pendency of Appeal**

Williams argues that the Court should reconsider its detention order because the trial on Count Two of the Indictment cannot proceed until the Government's appeal on the dismissal of Count One is resolved, and the case is remanded back to the district court. The appeal has been stayed in the Seventh Circuit pending the Appellate Court's decision in *United States v. Prince*, No. 23-3155. The Court recognizes that Williams has been detained for eleven months, and the pendency of the appeal renders the duration of his pretrial detention uncertain. However, the length

of detention is not a factor enumerated under § 3142(g). *See United States v. Massey*, No. 20-CR-162, 2023 WL 6880606, at \*1–2 (E.D. Wis. Oct. 18, 2023) (finding the same). The Due Process Clause may indeed warrant consideration of this factor, in certain circumstances, when the delay is not attributable to the defendant. *See United States v. Infelise*, 934 F.2d 103, 104–05 (7th Cir. 1991). However, "if judge and prosecutor are doing all they reasonably can be expected to do to move the case along, and the statutory criteria for pretrial detention are satisfied," a constitutional challenge on due process grounds is not available. *Infelise*, 934 F.2d at 104.

Here, Williams referenced the pendency of the appeal and the uncertainty regarding the duration of his pretrial detention as factors the Court needs to consider. Still, he did not elaborate on this argument or explicitly assert a due-process or speedy-trial challenge. Assuming that Williams raises a due process challenge, the pendency of the appeal does not show an intentional stall on the Government's or the court's behalf to satisfy the threshold inquiry for such a challenge. *Infelise,* 934 F.2d at 104–05 ("to get to first base, therefore, he must show that either the prosecution or the court has unnecessarily delayed in bringing the case to trial—maybe the prosecutor is stalling because he realizes his case is so weak that pretrial detention is the only punishment in fact he can impose on the defendant"). The Court notes that, under the Speedy Trial Act of 1974 ("Speedy Trial Act"), any "delay resulting from any interlocutory appeal" is excluded in computing the time within which the trial of an offense must commence. 18 U.S.C. § 3161(h)(1)(C). While Williams has not raised an argument under the Speedy Trial Act, the relevant provision informs the inquiry into the due process challenge. *See Massey*, 2023 WL 6880606, at \*1–2 (finding that three years of pretrial detention did not warrant reconsideration of the detention order and noting that "The Speedy Trial Act" is the primary means for ensuring that detention does not become protracted).

In any case, the Court finds that the current length and the uncertainty as to the duration of the pretrial detention do not outweigh the remaining factors discussed in the detention order. *See also United States v. O'Neill*, 52 F. Supp. 2d 954, 960–61, *aff'd sub nom. United States v. Warneke*, 199 F.3d 906 (7th Cir. 1999), (noting that while the government bore "some blame for the delay caused by the dismissal of the first indictment," the government's miscue was not intentional and the majority of the delay was due to the "massive nature and complex scope" of the case).

Looking at the totality of § 3142(g) factors, the Court finds that the change of circumstances Williams asserted does not change the weighing of the factors on which the detention order was based. Judge Beatty found that the weight of evidence against Defendant was strong. Despite the dismissal of Count 1 on constitutional grounds, the weighing of the evidence against Defendant remains strong. Judge Beatty also relied on Defendants' prior criminal history, history of violence or use of weapons, prior violations of probation, parole, or supervised release, prior participation in criminal activity while on probation, parole, or supervised release, and the fact that Defendant's release would pose a serious danger to any person or the community. (Doc. 20, p.3). Again, the presented changes do not bear on any of those factors. Additionally, Judge Beatty noted that "the nature and circumstances of the offense charged, as outlined by the Government's proffer, [were] concerning." Despite the dismissal of the possession of a firearm offense, Defendant's possession of the loaded firearms while he was committing the offense of transporting a stolen vehicle remains concerning.

Therefore, the Court **FINDS** that the Government has met its burden of proof and shown by clear and convincing evidence that there is no condition or combination of conditions that will assure the safety of another person or the community, and that the applicable Section 3142(g) factors compel Defendant's continued pretrial detention.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Reconsider Order of Detention (Doc. 48) is **GRANTED IN PART AND DENIED IN PART. The Motion is GRANTED to the extent that it seeks to reopen the detention issue, but is DENIED to the extent that it seeks to have Williams released.** Defendant shall remain detained in the custody of the United States Marshal pending the final outcome in this matter.

**IT IS SO ORDERED.**

**DATED: April 2, 2026**

s/ *Reona J. Daly*

**Hon. Reona J. Daly**
**United States Magistrate Judge**