**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 25-cr-30064-SMY |
| | ) |
| TERRANCE D. WILLIAMS, JR., | ) |
| | ) |
| Defendant. | ) |

## ORDER

**YANDLE, Chief District Judge:**

Pending before the Court is Defendant Terrance D. Williams, Jr.'s Motion for *De Novo* Review and Revocation of Detention Order (Doc. 57), which the Government opposes (Doc. 59). For the following reasons, the Motion is **DENIED**.

### Background

On May 7, 2025, Williams was charged with one count of being a felon in possession of a firearm and one count of interstate transportation of a stolen vehicle (Docs. 1, 13).  Williams appeared before Magistrate Judge Mark A. Beatty for a detention hearing, and an Order of Detention was entered on May 16, 2025 (Docs. 19, 20).  Judge Beatty found that the Government had proven "by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community" (Doc. 20).

On June 23, 2025, Williams moved to dismiss the felon in possession of a firearm charge under *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022) ("*Bruen*") (Doc. 23).  The Court granted the motion on October 21, 2025 and entered an Order dismissing Count 1 of the Indictment (Doc. 38).  The Government appealed and the Seventh Circuit stayed the appeal pending its decision in *United States v. Prince*, No. 23-3155 (Appellate Docs. 2, 3).

On February 25, 2026, Williams moved for reconsideration of the Detention Order, asserting that pretrial detention under 18 U.S.C. § 3142(f)(1) was not appropriate in light of the dismissal of the gun charge, prejudice from the ongoing delay in the *Prince* decision, and his new home and employment plans provided grounds for reconsideration of bond (Doc. 48).  Judge Beatty recused himself, and the case was reassigned to Magistrate Judge Reona J. Daly.

Following a hearing, Judge Daly granted the motion to the extent it sought to reopen the detention issue, but denied it to the extent it sought to have Williams released (Doc. 55).  Specifically, Judge Daly held that a detention hearing under § 3142(f)(1)(E) was available despite dismissal of the gun charge based on the presence of two loaded firearms on the floorboard of the vehicle.  She further found, based on the totality of § 3142(g) factors, that the change of circumstances Williams raised did not change the weighing of the factors on which the detention order was based.  Williams now moves for *de novo* review.

### Discussion

Under 18 U.S.C. § 3145(b), "[i]f a person is ordered detained by a magistrate judge, ... the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order."  Pursuant to § 3145(b), the district court conducts a *de novo* review and need not defer to the magistrate's findings.  *See United States v. Portes,* 786 F.2d 758, 761 (7th Cir. 1985).  The district court's review of the magistrate judge's decision may be conducted either by reviewing the transcript of the testimony heard by the magistrate judge or by holding a new hearing.  *United States v. Torres,* 929 F.2d 291, 292 (7th Cir. 1991).  This Court has reviewed all related submissions and the transcript of the reconsideration hearing and finds that a new hearing is unnecessary.

Williams first argues that detention is unavailable because there is no evidence the firearms found in the vehicle were involved in any way to facilitate the commission of the charged offense of the interstate transportation of a stolen vehicle.  The Government, relying on *United States v. Watkins*, 940 F.3d 152, 167 (2nd Cir. 2019), argues the Court should look beyond the elements of the charged offense to consider the actual conduct underlying the arrestee's charged offense.

Based on its independent review of the record, the Court finds that detention is available. The Court finds the Second Circuit's analysis in *Watkins* persuasive and well-reasoned.  The actual conduct underlying Williams' current charged offense of transportation of a stolen vehicle involved the possession of two firearms within that stolen vehicle as it was transported across state lines.  Thus, Williams is charged with a felony  "…that involves the possession…of a firearm", and detention is available under the Bail Reform Act.

Under the Bail Reform Act of 1984, a defendant shall not be detained pretrial unless a condition or combination of conditions will not reasonably assure (1) the defendant's appearance as required and (2) the safety of any other person and the community.  18 U.S.C. § 3142(e); *see United States v. Portes,* 786 F.2d 758, 765 (7th Cir.1985).  The Government has the burden of proving that the defendant is either a flight risk or a danger to the community.  *United States v. Daniels,* 772 F.2d 382, 383 (7th Cir. 1985).  In determining whether the Government has carried its burden, the court shall consider: (1) the nature and circumstances of the offense (including whether the offense is a crime of violence or involves narcotics); (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant (including family and community ties, employment, financial resources, past conduct, criminal history, whether person was on parole or probation at time of offense); and (4) the nature and seriousness of the danger to

any person or the community that would be posed by the defendant's release.  *See* 18 U.S.C. § 3142(g).

Williams contends there is no evidence that he presents a danger to any person or community if released.  The Court disagrees.  Despite the dismissal of Count 1 on constitutional grounds, the factors favoring detention remain and weigh heavily in that direction.  Williams' possession of loaded firearms while allegedly committing the offense of transporting a stolen vehicle weighs against his release.  He also has a lengthy and substantial criminal history including previous convictions involving firearms, drug trafficking offenses, assault, and resisting arrest. His pattern of conduct involving dangerous weapons while on probation and parole and recidivism rates also weigh heavily in favor of detention.  Although Williams has a new release address and additional employment opportunities, they do not outweigh his criminal history, history while under court supervision, and the nature and circumstances of the charged offense.

Upon careful review of the record, the Court concludes the Government has met its burden of proving that the Defendant is a danger to the community.  Accordingly, the Order of Detention (Doc. 20) previously entered in this case remains in full force and effect.

**IT IS SO ORDERED.**

**DATED: May 26, 2026**

**STACI M. YANDLE**
**Chief United States District Judge**